KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Angella Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angella Smith,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Enterprise Recovery Systems, Inc.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Angella Smith, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Angella Smith (hereafter "Plaintiff"), is an adult individual residing in Mesa, AZ 85202, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Enterprise Recovery Systems, Inc. (hereafter "Enterprise"), is an Illinois business entity with an address of 2400 S Wolf Road, Suite 200, Westchester, IL 60154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Enterprise and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Enterprise at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to the original creditor Ashford University (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Enterprise for collection, or Enterprise was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Enterprise Engages in Harassment and Abusive Tactics**

12. Plaintiff has requested that Enterprise not place calls to her at her place of employment, in an attempt to collect the Debt.

3

13. Enterprise has placed calls to Plaintiff at her place of employment despite her request that they not do so.

14. Enterprise has failed to include a mini-Miranda warning when calling and speaking with Plaintiff.

15. Enterprise has failed to properly identify itself when speaking with Plaintiff.

16. Plaintiff has requested that Enterprise automatically withdraw her bi-monthly payments on a specific day so that there are enough funds available in her checking account.

17. Enterprise has failed to comply with Plaintiff's request and on several occasions has attempted to withdraw funds from Plaintiff's checking account when they are insufficient. In each instance, Enterprise has charged Plaintiff a $20 insufficient fund-fee.

18. Enterprise has tacked on a $400.00 charge to the Debt for their "services," which is unsupported by the underlying Debt and contract with the Creditor.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

4

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

23. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

24. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

26. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

    E. Punitive damages; and

    F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 29, 2010                    KINDRA DENEAU


By: */s/  Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
Angella Smith